IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ELIZABETH WINGERTER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 19-CV-428-SMY-MAB |
| TODD DUNN, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Elizabeth Wingerter filed a three count Complaint asserting claims against Defendant Todd Dunn. In Count I, she alleges that Dunn acquired her consumer credit reports under false pretenses, knowingly, and without her permission, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. In Count II, she alleges Dunn committed fraud in order to perpetuate identity theft. Finally, in Count III, she asserts a claim for intentional infliction of emotional distress as a result of his cyberstalking. The case is before the Court for consideration of Dunn's Motion to Dismiss (Doc. 11), filed pursuant to *F.R.C.P.* 12(b)(6), and Wingerter's response (Doc. 14). For the following reasons, the Motion is **GRANTED in part and DENIED in part.**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is

satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Dunn first argues that Wingerter failed to plead sufficient facts to support her claim under the FCRA. Under the FCRA, a natural person who obtains "a consumer report under false pretenses or knowingly without a permissible purpose" is liable for "actual damages sustained by the consumer . . . or $1,000, whichever is greater." 15 U.S.C. § 1681n(a)(1)(B); *See Pappas v. City of Calumet City*, 9 F.Supp.2d 943, 946 (N.D. Ill. 1998). Wingerter alleges that from January 12, 2015 to April 14, 2017, Dunn acquired her consumer credit report over 200 times under false pretenses. She further alleges that she learned about this on April 17, 2017 when she was informed by CreditKarma.com that she was registered for a credit report despite never having registered herself. These allegations are sufficient to state a colorable claim under the FCRA against Dunn.

Dunn next argues that Wingerter failed to allege sufficient facts or law to state a fraud claim in Count II. *F.R.C.P.* 9(b) requires fraud to be plead with particularity, namely, setting forth the "who, what, when, where, and how: the first paragraph of any newspaper story." *DeLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The elements of common law fraud are: "(1) false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance on the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 7 (Ill. App. Ct. 2001).

Wingerter alleges that Dunn "by fraud and deceit, made false representations to credit authorities so as to perpetuate identity theft upon Plaintiff in order to cyberstalk her by monitoring her private financial transactions." She does not however allege or claim that Dunn intended any false statement to induce her to act, that she relied on a false statement or that she suffered damages as a result. Therefore, she has failed to state a fraud claim and Count II must be dismissed without prejudice.

Finally, as to Count III, Dunn argues that Wingerter has not alleged any facts to support her intentional infliction of emotional distress claim. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant either intended to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017) (citations and quotation marks omitted). In the Complaint, Wingerter alleges that Dunn's "cyberstalking Plaintiff was intentional and inflicted severe distress upon Plaintiff." This allegation is sufficient to give Dunn fair notice of the claim against him; nothing more is required at the pleading stage.

For the foregoing reasons, Defendant's Motion is Dismiss is **GRANTED** as to Count II and **DENIED** in all other respects. Count II is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

**STACI M. YANDLE**
**United States District Judge**